TREG TAYLOR
ATTORNEY GENERAL
Ronald W. Opsahl (Alaska Bar No. 2108081)
Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Phone: (907) 269-5232
Facsimile: (907) 276-3697
Email: ron.opsahl@alaska.gov

FENNEMORE CRAIG P.C.
Norman D. James (AZ Bar No. 006901)
Tyler D. Carlton (AZ Bar No. 035275)
2394 East Camelback Road, Suite 600
Phoenix, Arizona 85016
Phone: (602) 916-5000
Facsimile: (602) 916-5546
Email:  njames@fennemorelaw.com
        tcarlton@fennemorelaw.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| State of Alaska, | |
| Plaintiff, | Case No. 3:24-CV-00084-SLG |
| v. | |
| United States Environmental Protection Agency, | **PLAINTIFF'S MOTION TO STAY PROCEEDINGS** |
| Defendant. | |

# PLAINTIFF'S MOTION TO STAY PROCEEDINGS

Plaintiff State of Alaska ("State") moves the Court to stay the proceedings and all deadlines in this action pending resolution of Defendant's Motion for Protective Order.[1] The State asked Defendant's counsel whether Defendant would oppose the instant Motion, but the government did not clearly express a position.

By way of background, the State brought this action pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706. The State is challenging a determination made by Defendant that prohibits or restricts the discharge of dredged or fill material under Section 404(c) of the Clean Water Act, 33 U.S.C. § 1344(c), into certain waters in connection with development of a major deposit of minerals occurring on State-owned lands, with an estimated value in the billions, if not trillions, of dollars.[2]

Local Civil Rule 16.3(b)(1)(B)(i) requires the agency to "serve the entire administrative record on plaintiff and electronically file a certified list of the contents of the agency record with the court" in APA cases.[3] Any motion to supplement or complete the record is due within 21 days from the filing of the index.[4]

In this case, however, Defendant has withheld approximately 750 documents from the administrative record and has sought a protective order to seal these documents and

---

[1] Doc. 50.
[2] *See* Final Determination to Prohibit the Specification of and Restrict the Use for Specification of Certain Waters Within Defined Areas as Disposal Sites; Pebble Deposit Area, Southwest Alaska, 88 Fed. Reg. 7,441 (Feb. 3, 2023).
[3] L.Civ.R. 16.3(b)(1)(B)(i).
[4] *Id.* 16.3(b)(2).

Case No. 3:24-cv-00084 *Alaska v. U. S. EPA*
Plaintiff's Motion to Stay Proceedings
Page 1 of 6
Case 3:24-cv-00084-SLG   Document 51   Filed 08/20/24   Page 2 of 7

keep them from public access.[5] The State opposes Defendant's requested protective order and believes that Defendant has not met its burden of establishing a need for a protective order and to otherwise overcome the "strong presumption" in favor of public access to all judicial filings.[6] The State will file its opposition brief to the requested protective order by the deadline of August 23, 2024.

The State believes that the time to file a motion to supplement or complete the record under Local Civil Rule 16.3(b)(2) is tolled until Defendant complies with its obligation to disclose the whole administrative record to the State. However, in an abundance of caution, the State requests a stay until resolution of Defendant's requested protective order to preserve its right to seek supplementation or completion of the record once Defendant provides the entire administrative record to the State. Given this threshold dispute about the administrative record, there is good cause for a stay.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[7] A decision to stay "calls for the exercise of judgment,

---

[5] Doc. 50 at 2.
[6] *E.g.*, *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) ("Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point. A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." (citations omitted)).
[7] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

Case No. 3:24-cv-00084 *Alaska v. U. S. EPA*
Plaintiff's Motion to Stay Proceedings
Page 2 of 6
Case 3:24-cv-00084-SLG   Document 51   Filed 08/20/24   Page 3 of 7

which must weigh competing interests and maintain an even balance."[8] A stay is warranted where there is "a clear case of hardship or inequity in being required to go forward."[9]

Here, there is good cause for a stay. There will be hardship or inequity to the State from proceeding while there is a threshold issue regarding the administrative record. And, in the same vein, the State cannot file a motion to supplement or complete the record within the 21-day deadline set by local rule without knowledge of all the documents in the administrative record. Last, there is a risk of inconsistent decisions with a related case involving a challenge to the same exact Section 404(c) decision made by Defendant, where the plaintiffs already have access to the same documents that Defendant withheld here. Thus, given the inequity to the State of proceeding without filing of the whole administrative record and the potential for inconsistent decisions related to the same administrative determination, there is good cause for a stay.

First, allowing this APA case to go forward while there is a dispute about the administrative record will cause hardship and inequity to the State. "Section 706 of the APA provides that judicial review of agency action shall be based on 'the whole record.'"[10] "'The whole record' includes everything that was before the agency pertaining to the merits of its decision."[11] Thus, the State cannot determine at this time whether it will need to file a motion to supplement or complete the administrative record because it does not have the

---

[8] *Id.* at 254–55.
[9] *Id.* at 255.
[10] *Portland Audubon Soc. v. Endangered Species Comm.*, 984 F.2d 1534, 1548 (9th Cir. 1993) (quoting 5 U.S.C. § 706).
[11] *Id.*

Case No. 3:24-cv-00084 *Alaska v. U. S. EPA*
Plaintiff's Motion to Stay Proceedings
Page 3 of 6
Case 3:24-cv-00084-SLG   Document 51   Filed 08/20/24   Page 4 of 7

whole record yet since Defendant has admittedly withheld at least 750 documents from its disclosure of the record.[12] In addition, it would be unfair for the case to proceed to merits briefing when the State has not yet had the opportunity to review all the documents in the administrative record. Accordingly, there is good cause for a stay.

Moreover, the State cannot meet the 21-day deadline to file a motion to supplement or complete the record because it cannot determine whether there is a need to file such a motion while Defendant is withholding documents. As discussed above, Local Civil Rule 16.3(b) requires that Defendant serve the "entire agency record" on the State, and further requires that the State file any motion to supplement or complete the record 21 days from the filing of the administrative record's index. The Rule, however, does not appear to contemplate an agency seeking a protective order, and no provision is made to stay the clock on motions regarding the record contents. Nonetheless, because the State has been precluded from examining the withheld documents, it is impossible to determine if a motion to supplement or complete the record will be necessary. Therefore, a stay pending resolution of Defendant's request for a protective order is warranted so that the State has sufficient time to decide whether to seek supplementation or completion of the record.

Finally, there is a risk of inconsistent decisions between this matter and another currently pending before this Court, *N. Dynasty Minerals Ltd. v. U.S. EPA*, No. 3:24-cv-0059-SLG, because, there, the parties have already stipulated to the protective order.[13] Consequently, those plaintiffs have access to the entire record, unlike here. If the State's

---

[12] *Id.* (describing that court can order supplementation of the administrative record).
[13] Case No. 3:24-cv-0059-SLG Docs. 85–86.

Case No. 3:24-cv-00084 *Alaska v. U. S. EPA*
Plaintiff's Motion to Stay Proceedings
Page 4 of 6
Case 3:24-cv-00084-SLG   Document 51   Filed 08/20/24   Page 5 of 7

case were to proceed before resolution of the question of need for a protective order, there is a potential that two cases challenging the same underlying decision could run in parallel with differing administrative records.[14] Accordingly, a short stay pending resolution of Defendant's motion would conserve judicial resources by allowing the cases to ultimately proceed with identical administrative records.

In conclusion, there is good cause for a stay given the inequity of proceeding while there is a dispute about the administrative record, especially given the potential for disparity with a related case. Thus, the State respectfully asks that the Court stay this action until it rules on Defendant's Motion for Protective Order (Doc. 50) and that the Court extend the deadline to file any motion to complete or supplement the administrative record until 21 days after the Court rules on the requested protective order.

DATED: August 20, 2024.

FENNEMORE CRAIG P.C.

By: /s/ *Norman D. James*
Norman D. James (AZ Bar No. 006901)
Tyler D. Carlton (AZ Bar No. 035275)
2394 East Camelback Road, Suite 600
Phoenix, Arizona 85016
Phone: (602) 916-5000
Facsimile: (602) 916-5546
Email: njames@fennemorelaw.com
tcarlton@fennemorelaw.com

---

[14] *Hawai'i v. Trump*, 233 F. Supp. 3d 850, 856 (D. Haw. 2017) (explaining that stay was warranted where it "would not only promote judicial economy, but would also reduce the risk of inconsistent rulings that the appellate courts might then need to disentangle").

TREG TAYLOR
ATTORNEY GENERAL
Ronald W. Opsahl
(Alaska Bar No. 2108081)
Assistant Attorney General
Alaska Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Phone: (907) 269-5232
Facsimile: (907) 276-3697
Email: ron.opsahl@alaska.gov

Attorneys for Plaintiff

49924611.2