# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA,<br><br>        Plaintiff,<br><br>  v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>        Defendant,<br><br>  and<br><br>TROUT UNLIMITED, *et al.*,<br><br>        Intervenor-Defendants. | Case No. 3:24-cv-00084-SLG |

## ORDER RE MOTIONS TO INTERVENE

Before the Court are three motions to intervene. At Docket 12, Trout Unlimited moves to intervene as a matter of right, or, in the alternative, permissively. At Docket 19, United Tribes of Bristol Bay, Bristol Bay Native Association, Bristol Bay Economic Development Corporation, Bristol Bay Native Corporation, Commercial Fishermen for Bristol Bay, and Bristol Bay Regional Seafood Development Association (collectively "Bristol Bay Intervenors") so move. And, at Docket 23, SalmonState, Alaska Community Action on Toxics, Alaska Wilderness League, Alaska Wildlife Alliance, Cook Inletkeeper, Friends of McNeil River, Kachemak Bay Conservation Society, National Parks Conservation Association, National Wildlife Federation, Sierra Club, The Alaska Center, Wild

Salmon Center, Center for Biological Diversity, Earthworks, Friends of the Earth, and Natural Resources Defense Council (collectively "SalmonState Intervenors") so move. Defendant United States Environmental Protection Agency ("EPA") has indicated that it opposes intervention as a matter of right under Rule 24(a)(2) but does not oppose permissive intervention under Rule 24(b).[1] Plaintiff State of Alaska ("State") states its non-opposition to the motions but requests a status conference and asks the Court to "place reasonable guardrails on the proposed intervenors' participation in these proceedings so that the proceedings do not become unwieldy. . . ."[2]

Permissive intervention pursuant to Rule 24(b) is appropriate with respect to Trout Unlimited, Bristol Bay Intervenors, and Salmon State Intervenors. In a related case, this Court ruled that the same movants may intervene permissively, subject to certain conditions.[3] The Complaint in this suit, like that filed in the related suit brought by Northern Dynasty Minerals Ltd. and Pebble Limited Partnership, asserts that a 2023 Final Determination published by the EPA is unlawful and seeks a declaration vacating it.[4] Given that the two Complaints assert the same

---

[1] Docket 19 at 2 n.2.

[2] Docket 37 at 2 (Notice of Non-Opposition to Motions to Intervene).

[3] *See* Docket 95, *N. Dynasty Mins. Ltd., et al. v. EPA*, Case No. 3:24-cv-00059-SLG (D. Alaska Aug. 22, 2024).

[4] *Compare* Docket 1 at 43 *with* Docket 91 at 51, *N. Dynasty Mins. Ltd., et al. v. EPA*, Case No. 3:24-cv-00059-SLG (D. Alaska Aug. 16, 2024).

Case No. 3:24-cv-00084-SLG, *State of Alaska v. EPA*
Order re Motions to Intervene
Page 2 of 6
Case 3:24-cv-00084-SLG   Document 57   Filed 08/23/24   Page 2 of 6

basic claim, seek the same relief, and involve the same intervenor-defendants, this Court's reasoning for allowing permissive intervention in *Northern Dynasty Ltd., et al.* ("*Northern Dynasty*")*,* applies in this case as well.

In brief, the Court concluded that each of the putative intervenor-defendants in *Northern Dynasty* met the three threshold requirements for permissive intervention.[5] So too in this case, the three threshold requirements for permissive intervention are satisfied. No independent basis for jurisdiction is necessary because the Court has federal question jurisdiction over the action and the proposed intervenors are not raising new claims.[6] The putative intervenors' motions are timely as they were filed during the early stages of this litigation.[7] And there are common questions of law and fact because the proposed intervenor-defendants intend to oppose Plaintiffs' challenges to the lawfulness of the EPA's 2023 Final Determination and thus they intend to assert legal and factual defenses

---

[5] Docket 95 at 6–13, *N. Dynasty Mins. Ltd. et al. v. EPA*, Case No. 3:24-cv-00059-SLG (D. Alaska Aug. 2024) (first citing *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011); then citing *Callahan v. Brookdale Senior Living Cmtys., Inc.*, 42 F.4th 1013, 1022 (9th Cir. 2022); and then citing Fed. R. Civ. P. 24(b)(3)).

[6] *Freedom from Religion Found., Inc.*, 644 F.3d at 844.

[7] *See* Docket 1 (complaint filed April 11, 2024); Docket 12 (Trout Unlimited's motion to intervene filed June 21, 2024); Docket 19 (Bristol Bay Intervenors' motion to intervene filed June 25, 2024); Docket 23 (SalmonState Intervenors' motion to intervene filed June 28, 2024); Docket 18 (answer filed June 24, 2024); *see also Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (motions to intervene are considered timely when they are "made at an early stage of the proceedings, the parties would not have suffered prejudice from the grant of intervention at that early stage, and intervention would not cause disruption or delay in the proceedings").

Case No. 3:24-cv-00084-SLG, *State of Alaska v. EPA*
Order re Motions to Intervene
Page 3 of 6
Case 3:24-cv-00084-SLG   Document 57   Filed 08/23/24   Page 3 of 6

that directly relate to the subject matter of this litigation.[8]

Furthermore, as the Court explained in its Order re Motions to Intervene in *Northern Dynasty,* each of the putative intervenor-defendants has an interest in the current litigation that it has endeavored to protect through participation in administrative proceedings, previous litigation, and other advocacy. In addition, the proposed intervenor-defendants' interests may not be adequately represented by the federal government, which has changed its position with respect to a Section 404(c) veto and may do so in the future, particularly if there is a change in agency leadership. Finally, there is no undue prejudice as the Court will impose conditions on the participation of the intervenor-defendants designed to minimize delay and duplication.

In its non-opposition, the State requested a status conference to "ensure any participation by the proposed intervenors will be in compliance with Rule 24 and avoid any duplication of issues and/or arguments that will result in a waste of time and resources."[9] However, the below listed conditions on intervention are intended to address these concerns and to obviate the need for a conference.

---

[8] *Brumback v. Ferguson*, 343 F.R.D. 335, 346 (E.D. Wash. 2022) (quoting *Greene v. United States*, 996 F.2d 973, 978 (9th Cir. 1993) ("A common question of law and fact between an intervenor's claim or defense and the main action arises when the intervenor's claim or defense 'relate[s] to the subject matter of the action . . . before the district court. . . .'")).

[9] Docket 37 at 4.

Case No. 3:24-cv-00084-SLG, *State of Alaska v. EPA*
Order re Motions to Intervene
Page 4 of 6
Case 3:24-cv-00084-SLG   Document 57   Filed 08/23/24   Page 4 of 6

The Court finds that the following restrictions on the Intervenor-Defendants' participation in the case are warranted:[10]

1. Each set of Intervenor-Defendants—Bristol Bay Intervenors, Trout Unlimited, and SalmonState Intervenors—shall each file one consolidated merits brief.

2. Within 14 days of the date of this order, each set of Intervenor-Defendants shall file a notice that designates one lead counsel for that set of intervenors who shall have the sole authority to participate in and speak for that set of intervenors on case scheduling matters and disputes involving the administrative records.[11] Additionally, the Court intends to promptly schedule status conferences if necessary to resolve any such disputes upon request.

3. Intervenor-Defendants shall meet and confer to coordinate their briefing. Intervenor-Defendants shall, to the greatest extent possible, avoid duplication in their merits briefing. Intervenor-Defendants' briefing shall limit

---

[10] *See Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 741 (9th Cir. 2011) (quoting *Columbus–Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 974 F.2d 450, 469 (4th Cir. 1992)) ("When granting an application for permissive intervention, a federal district court is able to impose almost any condition.").

[11] *See* Manual for Complex Litigation § 10.22 (4th. ed. 2023) (noting that, in complex cases, "the court will need to institute procedures under which one or more attorneys are selected and authorized to act on behalf of other counsel and their clients with respect to specified aspects of the litigation").

Case No. 3:24-cv-00084-SLG, *State of Alaska v. EPA*
Order re Motions to Intervene
Page 5 of 6
Case 3:24-cv-00084-SLG   Document 57   Filed 08/23/24   Page 5 of 6

the factual and procedural background of their merits briefing to solely those topics not addressed in Federal Defendants' merits briefing.

4. Each set of Intervenor-Defendants shall be restricted to a single merits brief that must not exceed 20 pages or 5,700 words.[12] If used, word counts must be certified at the end of the document.

## CONCLUSION

For the foregoing reasons, the Motions to Intervene at Dockets 12, 19, and 23 are each **GRANTED** with the above listed conditions on intervention. Each set of Intervenor-Defendants shall file a clean, previously undocketed Answer to the Complaint within **7 days** of the date of this order.[13] The case caption is amended as shown above.

DATED this 23rd day of August 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[12] Although the page and word limitations set forth in Local Civil Rules 16.3(c) and 7.4(a) generally apply in administrative appeals, the Court believes that these shorter limits should be adequate for the Intervenor-Defendants, particularly given its instruction to limit the factual and procedural background in the Intervenor-Defendants' merits briefing.

[13] Docket 13, Docket 19-8, and Docket 23-33.

Case No. 3:24-cv-00084-SLG, *State of Alaska v. EPA*
Order re Motions to Intervene
Page 6 of 6
Case 3:24-cv-00084-SLG   Document 57   Filed 08/23/24   Page 6 of 6